# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GLORIA DENISE POSTELL,

        Plaintiff,

v.                                    Case No:   6:21-cv-1650-RBD-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Gloria Denise Postell ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits.   Claimant raises one argument challenging the Commissioner's final decision, and based on that argument, requests that the matter be remanded for further administrative proceedings.   Doc. No. 27, at 8–11, 17. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence, was decided by the proper legal standards, and should be affirmed.   *Id*. at 17.   For the reasons discussed herein, it

is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be

**AFFIRMED**.

## I.      PROCEDURAL HISTORY.

On December 19, 2019, Claimant filed an application for disability insurance

benefits, alleging that she became disabled on November 13, 2019.   R. 9, 88, 193–

96. [1]   Her claim was denied initially and on reconsideration, and Claimant

requested a hearing before an ALJ.   R. 111–18, 120–32, 133–34.   A hearing was held

before the ALJ on February 24, 2021, at which Claimant was represented by an

attorney.   R. 63–77.   Claimant and a vocational expert ("VE") testified at the

hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that

Claimant was not disabled.   R. 9–18.   Claimant sought review of the ALJ's

decision by the Appeals Council.   R. 187–89, 191.   On August 6, 2021, the Appeals

Council denied the request for review.   R. 1–5.   Claimant now seeks review of the

final decision of the Commissioner by this Court.   Doc. No. 1.

---

[1]  The "Application Summary for Disability Insurance Benefits" states that Claimant applied for benefits on January 7, 2020, but according to the ALJ's decision and other application materials, Claimant filed the application on December 19, 2019.   *Compare* R. 9 *and* R. 88, *with* R. 193.   For consistency, and because the application date is not dispositive of this appeal, the undersigned utilizes the application date stated by the ALJ:   December 19, 2019.

## II.     THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 9–18.[3]   The ALJ first found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2023.   R. 11.   The ALJ also found that Claimant had not engaged in substantial gainful activity since November 13, 2019, the alleged disability onset date.   R. 12.   The ALJ further concluded that Claimant suffered from the following severe impairments:   asthma, osteoarthritis (OA), diabetes mellitus, hypertension, and obesity.   *Id.*   The ALJ determined that Claimant does

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 27.   Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference and only restate them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[4] except:

> [S]he can stand or walk for 4 hours a day and up to 30 minutes at a time. She can neither crawl nor crouch. She can occasionally kneel and reach above shoulder level with her right upper extremity. She can tolerate no concentrated or excessive exposure to pulmonary irritants, such as dusts, fumes, extremes in temperature, or humidity.

*Id.* The ALJ found, based upon consideration of the evidence, Claimant's RFC, and the testimony of the VE, that Claimant could perform past relevant work as a Companion, in that the work did not require the performance of work-related activities precluded by the RFC. R. 17. Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, since

---

[4] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

the November 13, 2019 alleged disability onset date through the date of the decision.

*Id.*

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

(11th Cir. 1983).

## IV.    ANALYSIS.

In the joint memorandum, which I have reviewed, Claimant raises only one assignment of error:   the ALJ failed to apply the correct legal standards to Claimant's testimony regarding her pain and limitations.   Doc. No. 27, at 8. Accordingly, this is the only issue that I address.

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."   *Foote*, 67 F.3d at 1561–62.   The Court will not disturb a clearly articulated finding that is supported by substantial evidence.   *Id.* at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work.   20 C.F.R. §

404.1529(c)(1).   In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.   *Id.* § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include:   (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. *Id.* § 404.1529(c)(3)(i)–(vii).

Here, in the decision, the ALJ states that he considered Claimant's symptoms; the objective medical evidence and other evidence; and Claimant's subjective complaints of pain.   R. 12–13.   The ALJ followed the well-known two-step process in considering Claimant's symptoms, as outlined above.   R. 13.   The ALJ then recounted Claimant's hearing testimony, her subjective complaints, and her activities of daily living, and stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 13–14. The ALJ then stated that Claimant's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the overall medical evidence because, although the record reflects Claimant's treatment for asthma, osteoarthritis, diabetes mellitus, hypertension, and obesity, the evidence did not support the degree of limitation alleged by Claimant. R. 14. The ALJ thereafter discussed the medical evidence of record, noting at points normal examination findings, that Claimant did not comply with treatment recommendations due to fear of side effects, did not fully comply with her exercise regimen and recommendations, that Claimant received conservative treatment, her prognosis after discharge from physical therapy, and that surgery on Claimant's right knee went well with no complication. R. 14–16. The ALJ also discussed prior administrative medical findings from state agency medical consultants, who had opined that Claimant was capable of performing less than a full range of medium work. R. 17. The ALJ concluded that these findings were inconsistent with the overall medical evidence of record, which the ALJ found supported greater limitations, as set forth in the RFC. R. 17. The ALJ then stated:

> In sum, the undersigned acknowledges that the claimant has work-related limitations associated with the impairments and associated symptoms, which includes pain, imbalance, medication side effects, and limited activities of daily living, among other things. However,

such limitations are accounted for in the residual functional capacity by restricting the claimant to less than the full range of light work with additional postural and environmental limitations and the use of a cane.   The overall medical evidence does not support the need for further limitations and has not revealed findings sufficient to preclude all work activity.

*Id.*[5]

In the joint memorandum, Claimant argues that the ALJ failed to apply the correct legal standards to Claimant's testimony regarding her pain and limitations, stating that the ALJ rejected Claimant's testimony solely on the basis of the lack of objective medical evidence to support it.   Doc. No. 27, at 10–11.   *See also* 20 C.F.R. § 404.1529(c)(2) (stating that the Commissioner will not reject statements about the intensity or persistence of pain, or the effect of symptoms on the ability to work, solely because the available objective medical evidence does not substantiate the statements).

Upon review, however, the undersigned does not find this to be the case.   As discussed above, the ALJ indeed discussed the objective medical evidence of record, and the normal examination findings contained therein, in deciding to only partially credit Claimant's subjective complaints.   *See* R. 14–16.   To be sure, objective medical evidence is a pertinent consideration.   *See* 20 C.F.R. §

---

[5] The ALJ's reference here to use of a cane appears to be a scrivener's error, given that the RFC does not account for use of a cane.   *See* R. 12.   As Claimant does not take issue with the ALJ's statement in this regard, the undersigned does not further address it. *See* Doc. No. 27.

404.1529(c)(2).   *See also Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766–67 (11th Cir. 2014) (finding ALJ's discussion of objective medical evidence of record provided "adequate reasons" for ALJ's decision to partially discredit the claimant's subjective complaints of pain); *Belle v. Barnhart*, 129 F. App'x 558, 560 (11th Cir. 2005) (normal findings on physical examination are relevant to whether the claimant's allegations of debilitating diabetes are credible).[6]

In addition to and in conjunction with discussing the objective medical evidence, the ALJ also noted, among other things, Claimant's non-compliance with certain treatment or exercise regimens and Claimant's conservative treatment.   *See* R. 14–16.   These are also proper considerations for the ALJ in addressing a claimant's subjective complaints.   *See, e.g.*, *Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008) (stating that in evaluating a claimant's subjective testimony, "[a] doctor's conservative medical treatment for a particular condition tends to negate a claim of disability." (citing *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996))); *Beauford v. Comm'r of Soc. Sec.*, No. 8:17-cv-2699-T-MAP, 2018 WL 6680992, at *4 (M.D. Fla. Oct. 15, 2018) ("It is permissible for the ALJ to consider Plaintiff's periods of noncompliance in assessing his subjective complaints of pain."   (citing *Ellison v.*

---

[6] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

*Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003))).   Claimant does not argue otherwise. *See* Doc. No. 27, at 11.

Notably, this is not a case where the ALJ wholesale rejected Claimant's subjective complaints of pain; to the contrary, the ALJ explicitly accounted for Claimant's pain, imbalance, medication side effects, and limited activities of daily living in fashioning the RFC.   *See* R. 17.   And when reviewing the ALJ's credibility determination "[t]he question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).   *See also Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) ("It is 'solely the province of the [Commissioner]' to resolve conflicts in the evidence and assess the credibility of witnesses." (alteration in original) (quoting *Grant v. Richardson*, 445 F.2d 656, 656 (5th Cir. 1971))).

Because the ALJ provided adequate reasons for not fully crediting Claimant's subjective complaints of pain, I respectfully recommend that the Court reject Claimant's sole assignment of error.

## V.   RECOMMENDATION.

Upon   consideration   of   the   foregoing,   it   is   **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner. It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a

judgment consistent with its Order on the Report and Recommendation and, thereafter, to close the file.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 17, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy